(No. 23558.— ▉▉▉▉▉▉▉

THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Petitioner, *vs.* JOSEPH B. DAVID, Judge, Respondent.

*Opinion filed October 14, 1936.*

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for petitioner.

THADDEUS C. TOUDOR, (W. G. ANDERSON, of counsel,) for respondent.

Mr. JUSTICE JONES delivered the opinion of the court:

Michael Kowal was indicted for burglary and larceny. He entered a plea of guilty before the Hon. Joseph B. David, judge of the criminal court of Cook county, who found him guilty of the larceny of property of the value of $210 and that his age was between sixteen and seventeen years. Counsel for the defendant then moved that the defendant be sentenced to the county jail pursuant to paragraph 759 (sec. 11) of division 14 of the Criminal Code. The motion was allowed over the objection of the State's attorney and the defendant was sentenced to the house of correction for a term of eighteen months. Said section provides that "persons under the age of eighteen years shall not be punished by imprisonment in the penitentiary for

any offense except murder, manslaughter, rape, robbery, burglary or arson. In all other cases where a penitentiary punishment is or shall be provided, such person under the age of eighteen years and over the age of sixteen years shall be punished by confinement in the county jail for a term not exceeding eighteen months, at the discretion of the court." (State Bar Stat. 1935, chap. 38, par. 784; 38 S. H. A. 759.) The State's attorney by leave of this court filed a petition for *mandamus* against the respondent to compel him to expunge the record of said sentence. The respondent filed an answer. It is the contention of the petitioner that section 11 of division 14 of the Criminal Code is no longer in force, that it has been superseded by the provisions of the Parole act, and that the judgment sentencing the defendant to imprisonment in the house of correction is void and without authority of law.

Section 11 above set forth was enacted in 1845, when there was but one penitentiary, few jails and no reformatories in the State, and the evident purpose of the enactment was to incarcerate youthful offenders in jails rather than in the penitentiary. Later a State reformatory was provided, to which youthful male offenders could be sent, and appropriate statutes were enacted providing for commitment to that institution. In 1895 the Parole act was passed. (Laws of 1895, p. 158.) It was supplemented by the Parole act of 1899. (Laws of 1899, p. 142.) The present statute in its substantial terms was enacted in 1917. Each of these enactments has been held valid by this court. *George* v. *People,* 167 Ill. 447; *People* v. *Joyce,* 246 id. 124; *People* v. *Doras,* 290 id. 188.

The course of legislation upon the subject of paroles indicates a clear intention upon the part of the General Assembly to enact laws to cover the entire field of the punishment of those who are found guilty of a felony, except where the penalty has been fixed at death. In its effort to develop a comprehensive system, provision has been made

for parole of all such offenders upon specified terms and conditions. The Parole act is a complete code upon the subject with which it deals and it has superseded section 11 of division 14 of the Criminal Code, and that section must be treated as repealed.

It is urged that section 3 of the Parole act contains language which indicates the legislature did not intend a repeal of section 11. Section 3 provides that "except for the crimes enumerated in section 1 of this act, every person, male or female, over ten years of age, who shall be adjudged guilty of felony, or other crime punishable by imprisonment in the penitentiary, or by imprisonment either in the penitentiary or jail, and as to whom the court shall not have assessed the jail sentence, shall in all cases * * * be sentenced to the penitentiary," etc. Emphasis is placed by counsel for the defendant upon the language, "and as to whom the court shall not have assessed the jail sentence," as being indicative of a legislative purpose not to repeal the former act. This contention cannot be supported. The language of section 3 is not ambiguous. It is plain that the statutory provision means that every person over ten years of age who has been convicted of a felony, except those enumerated in section 1 of the act, shall receive an indeterminate sentence to the penitentiary. Where the conviction is for a misdemeanor, such as conspiracy, the statute authorizes imprisonment either in the penitentiary or the county jail. If the defendant be not sentenced to the county jail then he shall be sentenced to the penitentiary for an indeterminate term. Discretionary power is given the court by clause 1 of section 3 to sentence a male person between the ages of ten and sixteen years, who has been convicted of a felony, to such institution as is provided by law for the incarceration, punishment, discipline, training or reformation, instead of the penitentiary.

The motion of the defendant to sentence him under section 11 of division 14 should not have been allowed,

and the writ of *mandamus* is accordingly awarded, directed against the successor or successors of Joseph B. David now serving as judges of the criminal court of Cook county, to expunge from the record so much of the judgment against the defendant as sentenced him to the house of correction, and further directing such successor or successors to enter a proper judgment under the Parole act.

*Writ awarded.*